IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 1:15cr12 LG-RHW-2
                                                      CIVIL NO. 1:16cv287 LG

JULIE MICHELLE GLASS

MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE UNDER 28 U.S.C. § 2255

BEFORE THE COURT is the Motion [134] of the defendant, Julie Michelle

Glass, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

pursuant to Title 28, United States Code, Section 2255.  Defendant Glass seeks

resentencing for her conviction of one count of attempting to possess with intent to

distribute a controlled substance, 21 U.S.C. § 846.  After consideration of

Defendant's Motion, the Government's response, the pleadings and record on file,

and the relevant legal authority, the Court finds that Glass's contentions do not

merit relief.  The Motion will be denied without an evidentiary hearing.

FACTS AND PROCEDURAL HISTORY

On March 31, 2015, Glass entered a negotiated plea of guilty to one charge of

violating 21 U.S.C. § 846.  In exchange, the government dismissed four additional

drug-related counts against her.  As part of the plea agreement, Glass waived her

right to appeal the sentence or the manner in which it was imposed.  In addition,

she waived her right to contest the sentence in a post-conviction proceeding,

including a motion under § 2255.  Glass was sentenced to eighty-seven months

imprisonment and five years supervised release.

Glass filed an appeal of her guilty plea and sentence, which the government moved to dismiss on the basis that Glass had waived her right to appeal. The Fifth Circuit Court of Appeals summarily granted the government's motion to dismiss, apparently agreeing that Glass had validly waived her right to appeal. (*See* USCA Order, ECF No. 127).

In this § 2255 motion, Glass raises four grounds for relief:

> 1) appellate counsel failed to file a writ of certiorari to the United States Supreme Court;

> 2) defense counsel failed to challenge the amount of controlled substance that was attributed to her;

> 3) her due process rights were violated because "the U.S. Supreme Court has deemed the 'residual clause' unconstitutionally vague for crimes of violence;" and

> 4) her guilty plea was "unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea."

The Government filed a response which includes the affirmative defense of waiver. Glass's former appellate counsel, Luke D. Wilson, provided an affidavit responding to Glass's allegations. Trial counsel Melvin Cooper has not filed an affidavit, but the Court has determined that his affidavit is not necessary to resolve this Motion.

## DISCUSSION

DEFENDANT'S WAIVER OF HER RIGHT TO ASSERT CLAIMS UNDER 28 U.S.C. § 2255:

When Glass entered her negotiated plea of guilty, she did so pursuant to a

plea agreement which contained an unambiguous waiver of her right to appeal the sentence or contest the sentence in any post-conviction proceeding.[1] A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir. 2000); *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992), and the right to seek post-conviction relief. *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994). The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that she raised no question regarding any waiver-of-appeal issue. *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994).

In this case, Glass signed the plea agreement confirming that she had read the plea agreement or had it read to her, had it explained to her by her appointed

---

[1] Defendant's Plea Agreement, signed by her on March 31, 2015, provides in part:

> 8.   Waivers.  Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights . . . hereby expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):
>
> a.   the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
>
> b.   the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. . . .

(Plea Agmt. 4-5 (¶8), ECF No. 66).

attorney, understood it and voluntarily agreed to and accepted it.  Furthermore, the

transcript of the plea hearing shows that the Court gave Glass and her attorney

additional time to review the plea agreement so that she could "go over it with

[counsel] carefully so that you understand all of the terms and conditions of this

plea agreement with the government before we come back on the record." (Tr. Plea

Hrg 7, ECF No. 109).  More than an hour later, the hearing reconvened, and Glass

confirmed that she wished to plead guilty. (*Id.* at 8).  The Court reviewed the terms

of the plea agreement with Glass, including the waiver of post-conviction remedies:

| | |
|---|---|
| THE COURT: | You have also elected as part of your plea agreement to waive or to give up the right to contest the conviction or to contest the sentence or the manner in which the sentence is imposed in any post-conviction proceeding. Is that also correct? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Now, Ms. Glass, the right to appeal the sentence or to contest it in a post-conviction proceeding, that's an important right.  It is valuable.  And you should not give it up unless you have given that some serious consideration.  Now, have you discussed that in detail with Mr. Cooper? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Has anyone made you any side offers or promises or has anyone forced you or threatened you in any way to cause you to waive these very important and valuable rights? |
| DEFENDANT: | No, Your Honor. |
| THE COURT: | Mr. Cooper, have you counseled with your client regarding her willingness to waive the right to appeal the sentence or to contest it in a post-conviction proceeding, and are you convinced that her waivers are knowing and |

-4-

voluntary?

MR. COOPER:      Yes, I am, Your Honor.

(*Id.* at 20-21).

Except in circumstances not alleged here, the Court is entitled to rely on a defendant's testimony at a plea hearing. *United States v. Perez*, 227 F. App'x 357, 360 (5th Cir. 2007). "Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings." *Id.* at 359-60 (citing *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). Glass told the Court, under oath, that she understood the rights she was waiving, and wished to waive them.

The Fifth Circuit reviewed the circumstances of Glass's guilty plea and determined that she validly waived her right to appeal. Just as the Fifth Circuit enforced Glass's appeal waiver, this Court should enforce her waiver of the right to contest her sentence in this § 2255 motion.

INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS:

Glass's voluntary decision to plead guilty and the waivers contained in her plea agreement served to waive all nonjurisdictional defects, except the specially reserved claims of ineffective assistance of counsel. *See United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004). To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *United States v. Presley*, 415 F. App'x

563, 568 (5th Cir. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

In the context of a claim of ineffective assistance related to a plea agreement, "the 'prejudice' prong of the *Strickland* test for ineffective assistance of counsel requires that the defendant show 'that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Kayode,* 777 F.3d 719, 724 (5th Cir. 2014) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)).

### a. Failure to File Petition for Writ of Certiorari

Glass claims that her appellate counsel "failed to file a writ of certiorari to the U.S. Supreme Court when I had the constitutional right to have it filed when I asked about my appeal options." (Mot. to Vacate 5, ECF No. 134). Attorney Luke Wilson, who was appointed to represent Glass on appeal, provided an affidavit fully explaining his strategy in her case. (Wilson Aff., ECF No. 138). He states in conclusion that "I explained the petition for writ of certiorari to Ms. Glass, she never expressed a desire to exercise that option to me, and even if she had expressed such a desire I had no non-frivolous issue that I could have briefed." (*Id.* at 3). Glass's statement of her claim falls short of asserting that she told Wilson she wanted him to file a petition for writ of certiorari. Therefore, Glass has not demstrated her counsel's performance was deficient as required by *Strickland*.

Furthermore, relief in a § 2255 motion is reserved, as is relevant here, for claims "that the sentence was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a). While "indigent defendants pursuing appeals

as of right have a constitutional right to a brief filed on their behalf by an attorney, that right does not extend to forums for discretionary review." *Austin v. United States*, 513 U.S. 5, 8 (1994) (internal citation omitted).  The Constitution does not guarantee a criminal defendant the right to counsel to pursue a certiorari petition, nor is certiorari review by the Supreme Court a judicial proceeding to which a criminal defendant is entitled.  *See* 28 U.S.C. § 1254 (writ of certiorari is discretionary); S. Ct. R. 10 (certiorari review is a matter of discretion); *Ross v. Moffit*, 417 U.S. 600, 619 (1974) (holding that respondent was not denied a constitutional right when state refused to provide counsel to aid him in obtaining discretionary appellate review); *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application [for certiorari] timely."); *Clark v. Johnson*, 227 F.3d 273, 283 n.5 (5th Cir. 2000) ("Because there is no right to counsel for discretionary appeals, we need not analyze this claim under *Strickland*."); *United States v. Lauga*, 762 F.2d 1288, 1291 (5th Cir. 1985) (holding that counsel's failure to seek a writ of certiorari from the Supreme Court could not give rise to § 2255 ineffective assistance of counsel claim).  Accordingly, Glass was not denied a constitutional right with regard to counsel's alleged failure to file a petition for certiorari on her behalf.  She would not be entitled to relief under § 2255 even if counsel's performance had been deficient under the *Strickland* standard.

### b. Failure to Challenge the Amount of Controlled Substance

Glass claims that her trial counsel provided ineffective assistance of counsel by failing to challenge the amount of controlled substance attributed to her. According to the Presentence Investigation Report, Glass was held responsible for attempting to purchase one kilogram of cocaine and one kilogram of heroin. (PSI 13 (¶66), ECF No. 87). Glass's counsel did not object to any part of the PSI, but Glass does not explain what counsel's objection should have been. Without some showing that the drug calculation was in error, or the amount should not have been attributed to her, Glass cannot demonstrate that her counsel's failure to challenge the drug amount constituted a deficiency in his performance. Further, Glass makes no showing that, but for this error by her counsel, she would have insisted on going to trial. This claim fails both prongs of the *Strickland* test.

THE REMAINING CLAIMS:

Glass has made a general claim that her guilty plea was involuntary or unknowing. There is a "heavy burden" on a defendant who seeks to overcome an attestation of voluntariness in open court. *United States v. McElhaney*, 469 F.3d 382, 385 (5th Cir. 2006) (citing *United States v. Diaz*, 733 F.2d 371, 375 (5th Cir. 1984)). To overcome that burden, the defendant must show that her plea was so much the product of misunderstanding, duress, or misrepresentation by others as to make the plea a constitutionally inadequate basis for imprisonment. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984). In this case, Glass attested to the voluntariness of her plea both in the agreement itself and in open court at the plea

hearing.  (*See* Tr. Plea Hrg. 16-17, ECF No. 109).  Her conclusory statement in this Motion that her plea was not knowing and voluntary does not overcome her testimony to the contrary during the plea hearing.

Finally, Glass's Fifth Amendment claim regarding *Johnson v. United States*, 135 S. Ct. 2551 (2015), even if not waived, has no merit.  Glass did not receive an enhanced sentence under the Armed Career Criminal Act, which was the statute at issue in *Johnson*.  *Id.* at 2555-56; 18 U.S.C. § 924(e)(1).  Thus, even if the decision in *Johnson* applies retroactively to cases on collateral review, it has no bearing on Glass's conviction and sentence.

## CONCLUSION

For the reasons stated above, the Court finds that the Motion of Defendant Julie Michelle Glass pursuant to 28 U.S.C. § 2255 should be denied without a hearing.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order adverse to a petitioner unless a certificate of appealability issues.  28 U.S.C. § 2253(c)(1)(B).  The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For claims rejected on their merits, the defendant may obtain a COA by demonstrating "that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims rejected on procedural grounds only, the defendant may obtain a COA by showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the record, the Court concludes that jurists of reason would conclude without debate that Glass has not stated a valid claim for relief under § 2255. Accordingly, a COA will not issue in this case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [134] of the defendant, Julie Michelle Glass, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, is **DENIED**. A certificate of appealability from this decision is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 19th day of October, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE